# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6097 | **DATE** | 2/14/2002 |
| **CASE TITLE** | Chicago and Northeast Illinois District Council of Carpenters v. GDCNI/CAWCC | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment (#5-1) and Motion to Dismiss (#4-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the attached reasons, the Court **DENIES** the motion for summary judgment (#5-1) and **GRANTS** the motion to dismiss (#4-1). All pending dates and motions are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | FEB 19 2002 | date docketed | |
| ✓ | Docketing to mail notices. | | | | 12 |
| √ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | courtroom deputy's initials | U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

FEB 1 9 2002



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO AND NORTHEAST ILLINOIS )
 DISTRICT COUNCIL CARPENTERS, )
    Plaintiff, )
                    )
                    )     CASE NO. 01 C 6097
    v. )
                    )     JUDGE WILLIAM J. HIBBLER
GDCNI/CAWCC, )
    Defendants. )

## MEMORANDUM AND ORDER

The Chicago and Northeast Illinois District Council of
Carpenters ("Plaintiff") filed the present complaint against
GDCNI/CAWCC ("Defendant") to determine whether Plaintiff and
Defendant are bound to a successor agreement between the union
and employers, respectively. Specifically, Plaintiff
maintains Plaintiff and Defendant entered into a binding
collective bargaining agreement for the period of June 2001
through May 31, 2005 which removed bonding disputes from the
Settlement of Disputes provision. In response, Defendant
filed the pending motion to dismiss, alleging this court lacks
jurisdiction here, and the motion for summary judgment,
alleging the complaint is time barred. Defendant's motion to
dismiss has been held in abeyance pending disposition of its
motion for summary judgment. The following opinion contains
distinct and separate opinions for each motion.

1

## Background

The parties agree they engaged in numerous discussions and negotiations concerning the 2001-2005 collective bargaining agreement between the union and the employer's association. Plaintiff alleges Defendant left a telephone message with Plaintiff on February 1, 2001 that indicated Defendant accepted Plaintiff's terms and agreed to the successor contract. Plaintiff maintains it first learned on March 16, 2001 that Defendant denied the parties had reached an agreement. Both parties then filed charges with the National Labor Relations Board ("NLRB") and claimed the other engaged in unfair labor practices and refused to bargain in good faith. The NLRB investigated both charges and refused to issue a complaint; both parties filed pending appeals with the General Counsel of the NLRB. Plaintiff filed the present complaint under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## MOTION FOR SUMMARY JUDGMENT

### Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

2

that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence that supports his or her complaint. *Id.* Rather, to avert summary judgment, the party opposing the motion must present specific facts showing a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-34 (1986); *see also Anderson v. Operative Plasterers' and Cement Masons' Int'l Assoc. Local No. 12 Pension & Welfare Plans*, 991 F.2d 356 (7th Cir. 1993). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 324. In determining the existence of any genuine issue of material fact, the court must draw all reasonable inferences in the light most favorable to the non-movant. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

## Analysis

At the outset, the Court is compelled to recognize Defendant's sloppy and nearly incoherent motion and reply. Defendant repeatedly switched the parties and effectively argued Plaintiff's position. For example, after briefly

3

characterizing the law on time-barring § 301 claims, Defendant stated no rational trier of fact could conclude the statute of limitations period had run on Plaintiff's claim and Plaintiff is entitled to summary judgment as a matter of law. (Def. Mot. Summ. J., ¶10, 12.) Plaintiff alerted Defendant to its errors, but in its attempt to correct these mistakes in its reply, Defendant failed to correct all the misstatements and continues to assert Plaintiff's claims are not time barred.[1] In spite of Defendant's sloppiness, the Court understands what Defendant attempted to argue; however, Defendant's argument fails on the facts of the case nonetheless.

Defendant argues a six month statute of limitations bars Plaintiff's § 301 claims. *See DelCostello v. Teamsters*, 462 U.S. 151 (1983) (the six month statute of limitations period borrowed from § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), is applicable to hybrid § 301 claims); *see also Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 913-16 (7ᵗʰ Cir. 1999)[2]. Plaintiff responds Defendant is applying the

---

[1] In its reply, Defendant admits it made substantial errors; however, Defendant is only partially successful in its attempts to correct these fatal mistakes. In particular, in paragraph two of its reply, Defendant states how "(i)n paragraph 8, the sentence should read" and then proceeds to rewrite not paragraph eight but rather paragraph ten. Defendant presumably intended to correct paragraph ten, which continues to oppose Defendant's position and state "(n)o rational trier of fact could conclude [the applicable statute of limitations] period has run." (Def. Mot. Summ. J., ¶10.)

[2] In *Christiansen*, unlike the present matter, the Seventh Circuit dealt with the individual plaintiff's hybrid § 301 claims, i.e. her claims against her union (for failure to represent) and against her employer (for breaching the collective bargaining agreement),

wrong statute of limitations. Specifically, Plaintiff argues *DelCostello* concerned an employee who brought suit against her union and employer and thus was similar on its facts to a case for a duty for fair representation under § 10(b) of the NLRA. Plaintiff maintains the parties' situation here is substantively distinguishable and is actually a contract enforcement matter, with the Illinois statute of limitations dictating five and ten year periods for oral and written contracts respectively. *See Lumpkin v. Envirodyne Ind., Inc.*, 993 F.2d 449, 465 (7th Cir. 1991)("Under Illinois law, there are two separate statutes of limitations for actions on contracts. For actions on oral contracts, the statute of limitations is five years. Alternatively, a ten-year statute of limitations applies to actions on written contracts.")(citations omitted).

However, the Court need not determine if the correct applicable statute of limitations is six months, as Defendant maintains, or longer, as Plaintiff alleges. "The statute of limitations for a § 301 claim begins to run 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged

---

and stated such claims are "interdependent." *Id.* at 913, n.2. Further, the court stated it only addressed the timeliness of the union member's claim against her union and "need not separately examine the collective bargaining claim against" the employer. *Id.*

[violation].'" *Christiansen*, 178 F.3d at 914 (quoting *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983)). Plaintiff stated it learned for the first time on March 16, 2001 that Defendant denied the parties had reached an agreement on a successor contract. (Compl., ¶19.) Accordingly, the clock started to run for an applicable statute of limitations on March 16. Thus, even if Defendant were correct that the statute of limitations applicable to Plaintiff's § 301 claims is the six month period borrowed from § 10(b) of the National Labor Relations Act, then Plaintiff's claim accrued on March 16 and was not time barred when Plaintiff filed its complaint on August 8, 2001. Defendant's Motion for Summary Judgment is DENIED.

## MOTION TO DISMISS

Defendant argues this court lacks subject matter jurisdiction in this matter because Plaintiff's complaint fails to allege a violation of the collective bargaining agreement as a contract and instead simply states a claim for a declaratory judgment as to the existence and validity of the agreement.

### Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if, as a matter of law, "it appears beyond doubt that the plaintiff can prove no set of facts in support

6

of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must assume all well-plead allegations in the complaint are true, as well as all inferences reasonably drawn therein, and view them in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). In order to survive the motion to dismiss, "a plaintiff must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985). However, the Federal Rules mandate only "notice pleading" and do not require heightened pleading, and a more extensive recital of facts, for any claims before the Court today in this cause of action. *Leatherman v. Tarrant County*, 507 U.S. 163, 168 (1993). The Court's task in ruling on a motion to dismiss is limited in scope and does not determine "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assoc., Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989).

## Analysis

Section 301 of the Labor Management Relations Act states "[s]uits for violation of contracts between an employer and a

labor organization ... may be brought in any district court of the United States ..." 29 U.S.C. § 185(a). By its terms, "this provision confers federal subject-matter jurisdiction only over '[s]uits for violation of contracts'" and it does not generally confer jurisdiction on Federal District Courts in suits concerning contract validity. *Textron Lycoming Reciprocating Engine Division, AVCO Corp. v. United Automobile, Aerospace and Agricultural Implement Workers of America International Union*, 118 S.Ct. 1625, 1629 (1998) ("'Suits for violation of contracts' under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated."); *see also International Union of Operating Engineers, Local 150, AFL-CIO v. Rabine*, 161 F.3d 427, 430+ (7th Cir. 1998).

In its response to the motion to dismiss, Plaintiff for the first time argued the Court may adjudicate the validity of the agreement because the violation of that contract is an inherent and co-mingled issue in its claim. Plaintiff relied upon the principle the jurisdictional requirement of a contract violation "does not mean that a federal court can never adjudicate the validity of a contract under § 301(a). That provision simply erects a gateway [i.e. an arguable claim of breach] through which parties may pass into federal court; once they have entered, it does not restrict the legal

8

landscape they may traverse." *Rabine*, 161 F.3d at 430-31 (quoting *Textron*, 118 S.Ct. at 1629)(alteration in original).

Here, Plaintiff's complaint fails to assert a violation of a collective bargaining agreement and thus improperly applies § 301. In *Textron*, the Supreme Court ruled the plaintiff union could not bring an action in federal court against the defendant employer seeking a declaration of contractual invalidity due to fraudulent inducement, because neither party had alleged a violation of the contract as required under § 301(a). *Textron*, 118 S.Ct. at 1628-31. "Because the Union's complaint alleges no violation of the collective-bargaining agreement, neither we nor the federal courts below have subject matter jurisdiction over this case under § 301(a) of the Labor-Management Relations Act." *Id.* at 1631. Accordingly, the Court took a narrower and more exclusionary view of the jurisdiction of federal courts under § 301(a). *Cf. Smith v. Evening News Ass'n*, 83 S.Ct. 267 (1962)("§ 301 is not to be given a narrow reading."); *I.B.E.W., Local 481 v. Sign-Craft, Inc.*, 864 F.2d 499, 502 (7th Cir. 1988)("The Supreme Court has supported the view that § 301(a) should be given a broad interpretation.... [we now] hold that under § 301(a) any disputes about the meaning or validity of collective bargaining agreements come within the jurisdiction of the federal courts."). Further, *Textron*

9

suggests these types of cases (i.e. claims involving the validity of a contract) are meant to be heard by the National Labor Relations Board, which retains "the primary jurisdiction... in resolving disputes arising from the collective-bargaining process." *See Id.* at 1631-32 ("As the Court has long recognized, '[i]t is implicit in the entire structure of the [National Labor Relations] Act that the Board acts to oversee and referee the process of collective bargaining.... The fact that the [National Labor Relations] Board undoubtedly has more expertise in the collective-bargaining area than federal judges provides an additional reason for concluding that Congress meant what it said in § 301(a) and for rejecting the Union's and the Government's broad reading of the '[s]uits for violation of contracts' language." (Stevens, J., concurring)(alterations in original)). The Court acknowledged a federal court could properly determine the validity of a collective bargaining agreement in certain limited circumstances, but it stressed "in these cases, the federal court's power ... is ancillary to, and not independent of, its power to adjudicate '[s]uits for violation of contracts.'" *Id.* at 1629.

Here, Plaintiff's complaint fails to allege the violation of a contract, i.e. the agreement, and instead merely asserts a claim for a declaratory judgment as to the formation and

validity of the contract. Plaintiff states "[t]he pending litigation is a *declaratory action* to determine whether the Union and GDCNI/CAWCC are bound to a successor collective bargaining agreement for the period of June 1, 2001 through May 31, 2005." (Compl. at ¶5)(emphasis added). Further, in its prayer for relief, Plaintiff asks this court to "declare" the parties have a binding collective bargaining agreement and to "declare" the agreement contains certain language. (Compl. at ¶ 22(A), (B).) Under *Textron*, such a claim standing alone fails to establish federal subject matter jurisdiction and prevents this court from reviewing the complaint.

As stated above, in its response to the motion to dismiss, Plaintiff asserts in a single sentence "[i]n this lawsuit the Plaintiff is requesting that the Court adjudicate whether there is a valid contract between the parties and to find that the Defendant is violating that valid contract in not recognizing it and not adhering to the provisions found in it." (Pl. Resp. Mot. Dismiss at p.3.) For a number of reasons, Plaintiff's passing comment here is ineffective in supporting Plaintiff's cause.

First, Plaintiff's flat allegation comes too late; a brief in opposition to a motion to dismiss may not amend a complaint. *See Perkins v. Silverstein*, 939 F.2d 463, 470 n.6 (7th Cir. 1991); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d

1101, 1107 (7ᵗʰ Cir. 1984).  Here, Plaintiff's complaint is devoid of any suggestion of a contract violation; instead, Plaintiff clearly states this matter is a declaratory judgment to determine the existence and validity of the agreement.

Second, even if this court considered the amendatory statement Plaintiff included in its response, at best Plaintiff has still not alleged how Defendant violated the agreement and at worst Plaintiff has engaged in circular reasoning.  Plaintiff attempts to add a claim of contract violation to the actual single issue of contract validity by redefining its complaint to request the court "find that the Defendant is violating that valid contract in not recognizing it".  (Pl. Resp. Mot. Dismiss at p.3.)  Plaintiff's circular definition of contract violation actually states the claim for contract formation and validity.  Further, Plaintiff simply states Defendant "is violating that valid contract in... not adhering to the provisions found in it," and yet fails to cite any sections of the contract which were violated or to even suggest what action or inaction by Defendant was violating the agreement.  Once again, only legitimate allegations of contract violation confer upon this court the subject matter jurisdiction to assess contract validity.  Defendant's Motion to Dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant's Motion for Summary Judgment and GRANTS Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:** February 14, 2002

_____

**WILLIAM J. HIBBLER, DISTRICT JUDGE**